UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

BENNIE ROBINSON,

    Plaintiff,

vs.

JUSTIN HARRIS, individually,
and the CITY OF BOYNTON BEACH,
a Florida Municipal corporation,

    Defendants.
_____/

**COMPLAINT**
**INTRODUCTORY STATEMENT**

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against Defendant JUSTIN HARRIS, individually, and Defendant CITY OF BOYNTON BEACH, a Florida Municipal corporation.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. §1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

4. Plaintiff BENNIE ROBINSON (hereinafter "Plaintiff") is a resident of Broward County, State of Florida.

5. At all times referred to herein, Defendant JUSTIN HARRIS [hereinafter HARRIS or Defendant HARRIS] was employed as a police officer for Defendant CITY OF BOYNTON BEACH, and was acting under the direction and control of Defendant CITY OF BOYNTON BEACH, and in such capacity as an agent, servant and employee of Defendant CITY OF BOYNTON BEACH, and its police department.

6. Defendant CITY OF BOYNTON BEACH [hereinafter CITY or CITY OF BOYNTON BEACH or Defendant CITY OF BOYNTON BEACH] is a Florida municipal corporation, organized and existing under the laws of the State of Florida.  In this cause, the CITY acted through its agents, employees, and servants, including Defendant HARRIS and others.

7. Plaintiff sues Defendant HARRIS in his individual capacity.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Plaintiff was a volunteer coach for the East Boynton Wildcasts Florida Youth Football League.

9. At all times material hereto, Plaintiff was also a kidney dialysis patient.

10. Following football practice on the evening of August 11, 2013, Plaintiff was a passenger in a 2010 Dodge Charger automobile operated by Shayla Valentine (hereinafter "Valentine").  (Valentine borrowed the Dodge Charger from a friend)

11. Plaintiff was occupying the front passenger's seat of the motor vehicle, and two of the youth league football players occupied the backseat of the vehicle.

12. As Valentine turned into the driveway of 804 NW 4th Street, Boynton Beach, Palm

Beach County, Florida (where one of the youth football players lived), a police vehicle occupied by Defendant HARRIS and Defendant CITY OF BOYNTON BEACH police officer Steven Mills (hereinafter "Mills") pulled in behind the Dodge Charger with its emergency lights activated.

13. At all times material hereto, Valentine operated the Dodge Charger lawfully, and violated no traffic laws, whatsoever.

14. Mills immediately approached the driver's side of the Dodge Charger with his firearm displayed, and ordered Valentine to open the driver's side window of the vehicle. Valentine complied.

15. Mills pulled open the door of the vehicle and directed Valentine to exit. Valentine complied.

16. While standing outside the vehicle, Valentine questioned Mills concerning the basis for the stop (as Mills continued to hold Valentine at gunpoint).

17. When Valentine questioned Mills conduct, Mills became verbally aggressive with Valentine.

18. When Mills became verbally aggressive with Valentine, Plaintiff stated to Mills (from the front passenger's seat): "Why are you talking to her like that. You don't have to talk to her like that."

19. Plaintiff then heard a knock on the front seat driver's side window of the Dodge Charger.

20. Plaintiff looked to his right and observed Defendant HARRIS, who ordered Plaintiff at gunpoint to exit the Dodge Charger and place his hands on the roof of the vehicle, stating: "I should shoot you in your fucking head." (Plaintiff also observed a third police officer, Cory Henry, standing behind the trunk of the Dodge Charger)

21. With his hands on the roof of the car, Plaintiff looked back and observed Defendant HARRIS's gun pointed at his face.

22. Plaintiff stated to Defendant HARRIS: "If you are going to shoot me, shoot me. I didn't do anything."

23. Defendant HARRIS then ordered Plaintiff to place his hands behind his back, whereupon Plaintiff was handcuffed and placed under arrest by Defendant HARRIS for the offense obstruction of justice in the absence of probable cause that Plaintiff committed any criminal offense.

24. At all times material hereto, Plaintiff was on dialysis. During the arrest process Plaintiff's dialysis port was damaged by Defendant HARRIS. (Plaintiff subsequently received a kidney transplant in 2015)

25. Plaintiff was then transported to Defendant CITY OF BOYNTON BEACH's police department.

26. After several hours in custody, Plaintiff was issued a notice to appear and released.

27. On or about September 10, 2013, the Palm Beach County State Attorney's Office filed a No Information as to the charge of resisting arrest without violence, and Plaintiff has never been convicted of any criminal offense by any prosecuting authority as a result of his arrest by Defendant HARRIS on August 11, 2013. (Valentine was issued a traffic "warning," notwithstanding the fact operated the Dodge Charger in a lawful manner)

28. The conduct of Defendant HARRIS, as set forth herein, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT HARRIS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant HARRIS, individually, in Count I, Plaintiff states:

29. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 28.

30. Plaintiff's arrest by Defendant HARRIS was in retaliation for Plaintiff's protected speech under the First Amendment.

31. The arrest of Plaintiff by Defendant HARRIS occurred in the absence of probable cause that Plaintiff committed any criminal offense, and under circumstances likely to deter a person of ordinary firmness from the exercise of First Amendment rights. The conduct of Defendant HARRIS towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

32. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

33. As a further direct and proximate result of the conduct of Defendant HARRIS, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

  i.  Judgment for compensatory damages in excess of $ 15,000 dollars;

      ii.        Judgment for exemplary damages;

      iii.       Cost of suit;

      iv.       Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      v.        Trial by jury as to all issues so triable; and

      vi.       Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT HARRIS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant HARRIS, individually, in Count II, Plaintiff states:

34. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 28.

35. Defendant HARRIS proximately caused the arrest of Plaintiff in the absence of probably cause that Plaintiff committed any criminal offense.

36. The conduct of Defendant HARRIS towards Plaintiff was objectively unreasonable, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause that Plaintiff committed any criminal offense.

37. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

38. As a further direct and proximate result of the conduct of Defendant HARRIS, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.

Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT CITY OF BOYNTON BEACH

For his cause of action against Defendant CITY OF BOYNTON BEACH, in Count III, Plaintiff states:

39. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 28.

40. Defendant HARRIS proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

41. The conduct of Defendant HARRIS towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

42. The conduct of Defendant HARRIS constitutes false arrest/false imprisonment of Plaintiff under Florida law.

43. The false arrest/false imprisonment of Plaintiff by Defendant HARRIS committed by Defendant HARRIS in the course and scope of his employment as a police officer for Defendant

CITY OF BOYNTON BEACH.

44. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation.

45. As a further direct and proximate result of the conduct of Defendant CITY OF BOYNTON BEACH, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

   i. Judgment for compensatory damages in excess of $ 15,000 dollars;

   ii. Cost of suit;

   iii. Trial by jury as to all issues so triable; and

   iv. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT HARRIS, INDIVIDUALLY

For his cause of action against Defendant HARRIS, individually, in Count IV, Plaintiff states:

46. Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 28.

47. Defendant HARRIS proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

48. The conduct of Defendant HARRIS towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff

under Florida law.

49. Alternatively to the allegations set forth in Count III, if the false arrest/false imprisonment of Plaintiff by Defendant HARRIS occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant HARRIS in his individual capacity.

50. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation.

51. As a further direct and proximate result of the conduct of Defendant HARRIS, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

   i. Judgment for compensatory damages in excess of $ 15,000 dollars;
   ii. Judgment for exemplary damages;
   iii. Cost of suit;
   iv. Trial by jury as to all issues so triable; and
   v. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

52. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this ___12th___ day of September, 2016.

By: *s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone: (954) 522-1235
Facsimile:  (954) 522-1176
**Attorneys for Plaintiff Bennie Robinson**