16-398/SWK/mac

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-81572 CIV MARRA

BENNIE ROBINSON,
    Plaintiff(s)

vs.

CITY OF BOYNTON BEACH, a
Florida municipal corporation, and
JUSTIN HARRIS, individually,
    Defendant(s).
_____/

## DEFENDANT, JUSTIN HARRIS', ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, JUSTIN HARRIS ("Defendant"), by and through the undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. Defendant admits the allegations contained in paragraph 1 for jurisdictional purposes only, and otherwise denies.

2. Defendant admits the allegations contained in paragraph 2 for jurisdictional purposes only, and otherwise denies.

3. Defendant is without knowledge as to the allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore denies same.

4. Defendant is without knowledge as to the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore denies same.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant is without knowledge as to the allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore denies same.

7. Defendant admits this allegation to the extent that Defendant is named in the Complaint as being sued in his individual capacity; otherwise, Defendant is without knowledge as to the allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies same.

8. Defendant is without knowledge as to the allegations contained in paragraph 8 of Plaintiff's Complaint, and therefore denies same.

9. Defendant is without knowledge as to the allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore denies same.

10. Defendant is without knowledge as to the allegations contained in paragraph 10 of Plaintiff's Complaint, and therefore denies same.

11. Defendant is without knowledge as to the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore denies same.

12. Defendant admits only that he and Officer Steven Mills of the City of Boynton Beach Police Department conducted a traffic stop at the address set forth in paragraph 12 of Plaintiff's Complaint. Defendant is without knowledge as to the remaining allegations contained in paragraph 12 of Plaintiff's Complaint, and therefore denies same.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant is without knowledge as to the allegations contained in paragraph 14 of Plaintiff's Complaint, and therefore denies same.

15. Defendant is without knowledge as to the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore denies same.

16. Defendant is without knowledge as to the allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore denies same.

17. Defendant is without knowledge as to the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore denies same.

18. Defendant admits the allegations contained in paragraph 18 only to the extent that Plaintiff made statements. Defendant denies the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant is without knowledge as to the allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore denies same.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant is without knowledge as to the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore denies same.

22. Defendant admits the allegations contained in paragraph 22 only to the extent that Plaintiff made statements. Defendant is without knowledge as to the remaining allegations contained in paragraph 22 of Plaintiff's Complaint, and therefore, denies same.

23. Defendant admits that he arrested the Plaintiff. Defendant denies the remaining allegations contained in paragraph 23.

24. Defendant denies that he damaged the Plaintiff's dialysis port. Defendant is without knowledge as to the remaining allegations contained in paragraph 24 of Plaintiff's Complaint, and therefore denies same.

25. Defendant admits the allegations contained in paragraph 25.

26. Defendant admits that Plaintiff was issued a notice to appear. Defendant is without knowledge as to the allegations contained in paragraph 26, and therefore denies same.

27. Defendant admits that the State Attorney filed a No File which indicated probable cause for the arrest and that Plaintiff was not convicted of this charge. Defendant denies the remaining allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant admits the allegations contained in paragraph 28 of Plaintiff's Complaint.

## COUNT I

29. Defendant realleges and reavers his responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

## COUNT II

34. Defendant realleges and reavers his responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

## COUNT III

39 - 45. The allegations contained in Count III are not directed to this Defendant, and therefore, this Defendant is not required to respond to same. However, to the extent that any allegation in Count III, paragraphs 39 through 45, could be construed against this Defendant, such allegation is denied.

## COUNT IV

46. Defendant realleges and reavers his responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

47. Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. As and for a first affirmative defense, Defendant asserts that the Plaintiff has failed to state a cause of action for free speech retaliation in violation of his First and Fourteenth Amendment rights under 42 USC § 1983 in Count I of the Complaint.

2. As and for a second affirmative defense, Defendant asserts that the Plaintiff has failed to state a cause of action for false arrest/false imprisonment in violation of his Fourth and Fourteenth Amendment rights under 42 USC § 1983 in Count II of the Complaint.

3. As and for a third affirmative defense, Defendant asserts that the Plaintiff has failed to state a cause of action for false arrest/false imprisonment under Florida state law in Count IV of the Complaint.

4. As and for a fourth affirmative defense, Defendant asserts that he is entitled to qualified immunity as to Plaintiff's claims under 42 USC § 1983 (specifically including the claims of free speech retaliation in violation of First and Fourteenth Amendment rights and false arrest/false imprisonment in violation of Fourth and Fourteenth Amendment rights), as, at all times material, Defendant was a police officer performing discretionary functions and he did not violate the clearly established statutory or constitutional rights of which a reasonable person would have known for reasons including, but not limited to, the fact that Defendant had arguable probable cause to arrest the Plaintiff. Specifically, Defendant asserts that he did not violate the Constitutional rights of the Plaintiff, and, or in the alternative, that any such rights allegedly

violated were not clearly established at the time of the alleged misconduct. As such, Defendant has qualified immunity and Plaintiff's claims in Count I and Count II of the Complaint are barred.

5. As and for a fifth affirmative defense, Defendant asserts that the arrest of Plaintiff was made with probable cause, which is a complete bar to all of the claims asserted against this Defendant, including, but not limited to, the claims of free speech retaliation and false arrest/false imprisonment under 42 USC § 1983 in Counts I and Count II of the Complaint and state law false arrest/false imprisonment in Count IV of the Complaint.

6. As and for a sixth affirmative defense, Defendant asserts that, pursuant to Florida Statute § 768.28(9) he is immune from suit as to Plaintiff's claim of state law false arrest/false imprisonment, as at all times material, his actions were within the course and scope of his employment with the City of Boynton Beach, and he did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, and thus, Count IV of Plaintiff's Complaint is barred.

7. As and for a seventh affirmative defense, Defendant asserts that Plaintiff failed to mitigate his alleged damages.

8. As for an eighth affirmative defense, Defendant asserts that Plaintiff's damages, if any, were caused, in whole or in part, by his own actions and omissions.

9. As and for a ninth affirmative defense, Defendant asserts that Plaintiff's medical claims and alleged medical damages were not foreseeable, or in the alternative, were not medically necessary, and thus, this Defendant is not liable for same.

10. As and for a tenth affirmative defense, Defendant asserts that to the extent that the Plaintiff has received payment from collateral sources, any recovery by the Plaintiff should be reduced by the amount of the collateral source payments pursuant to Fla. Stat. section 768.76.

11. As an for an eleventh affirmative defense, Defendant asserts that to the extent that the Plaintiff has received any free or low cost services from governmental or charitable agencies available to the Plaintiff, any recovery by the Plaintiff should be reduced by the amount of those payments pursuant to Fla. Stat. section 768.76.

12. Defendant reserves the right to amend these defenses as discovery is ongoing.

WHEREFORE, Defendant, JUSTIN HARRIS, respectfully requests this Court to enter an order dismissing Plaintiff's Complaint, with prejudice, and awarding this Defendant costs and such other relief as this Court deems just and proper, and further demands trial by jury.

Dated: Nov 22, 2016.

        Respectfully submitted,

        **ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
        Counsel for Officer Harris
        470 Columbia Drive, Bldg 101C
        West Palm Beach, FL  33409
        PHONE:    561 688-6560
        FAX:    561 688-2343
        EMAIL:    bbedard@rrbpa.com

        By: _____
        **BENJAMIN L. BEDARD**
        FBN: 983772
        **DANNA P. CLEMENT**
        FBN: 338310

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY ___ day November 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC. I also certify that the foregoing document is being served this day to Hugh L. Koerner, Esq., *Counsel for Plaintiff*, 3475 Sheridan St, Ste 208, Hollywood, FL 33021, hlklaw@hughkoerner.com , and Tracey A. DeCarlo, Esq., *Counsel for City of Boynton Beach*, 3099 E. Commercial Blvd, Suite 200, Ft Lauderdale, FL 33308, tdecarlo@cityatty.com; smaldonado@cityatty.com; cdunn@cityatty.com , in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

>ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
>470 Columbia Drive, Bldg. C101
>West Palm Beach, FL 33409
>Phone: 561/688-6560   Fax: 561/688-2343
>Email: bbedard@rrbpa.com; dclement@rrbpa.com
>Attorneys for Officer Harris
>
>_____
>**BENJAMIN L. BEDARD**
>Florida Bar No: 983772
>**DANNA P. CLEMENT**
>Florida Bar No: 338310